Public Service Commission, Second District, *v.* J. & J. Rogers Company, Defendant, and Northern Adirondack Power Company, Intervenor.

(Supreme Court, Albany Special Term, June, 1918.)

Public Service Commissions Law, § 74 — when injunction granted under — electric light corporations — Transportation Corporations Law.

Under section 74 of the Public Service Commissions Law an injunction will be granted to restrain a manufacturing corporation, organized as such, from doing an electric lighting business

unless it has been duly authorized to do so by the public service commission, after it has been incorporated under the Transportation Corporations Law.

ACTION for an injunction.

Ledyard P. Hale, for Public Service Commission, Second District.

Charles J. Vert, for defendant, J. & J. Rogers Company.

George E. O'Connor (Thos. O'Connor, of counsel), for intervenor, Northern Adirondack Power Company.

RUDD, J. Hearing upon petition of the public service commission, second district, which in substance shows: that the defendant is a manufacturing corporation; that it has never been incorporated under the Transportation Corporations Law; that it is operating an electric plant for the generation and transmission of electricity for light, heat and power, and selling such power to the public; that the defendant has in effect entered upon the business of selling electricity for light, heat and power; that it has never been authorized by the town board of the town in which it is doing such business to build an electric plant or to construct a line of poles and wires; nor has it ever been granted permission by the public service commission, second district, to exercise any so-called franchise in the highways of the town of Jay, where it is now operating, or in that part of the town which is known as Ausable Forks, as is required by section 68 of the Public Service Commissions Law.

The petition further alleges that the defendant is without corporate capacity to receive or exercise a franchise from the town of Jay for the purpose of

transmitting and distributing electricity to the public generally, and is disqualified to be permitted to transmit or distribute electricity as a public service corporation by the petitioner, not having been incorporated under the Transportation Corporations Law.

The petition further alleges that the defendant is acting in violation of the law.

We are asked to restrain the defendant from transmitting or distributing electricity for light, heat or power over or through any of the highways in the town of Jay, and particularly in the hamlet of Ausable Forks.

The defendant admits that it has transmitted and distributed electricity to householders for lighting, collecting for such service annually about $2,700, and that no express franchise has been granted to the defendant by the town authorities of the town of Jay; that the transmission of electric current by the defendant is by means of a line or lines of poles and wires partly located in the public highway; that the defendant is a corporation organized as a manufacturing company and that it has never been incorporated under the Transportation Corporations Law; that the entire business of the defendant, including generation of electricity and manufacturing, amounts approximately to the sum of $1,080,000 gross each year.

Upon the hearing it was agreed by all the parties that the Northern Adirondack Power Company has a franchise for public and private lighting in the town of Jay, in which the hamlet of Ausable Forks is located, and that the exercise of this franchise by the Northern Adirondack Power Company has been approved by the public service commission of the second district.

The proceeding here brought under section 74 of the Public Service Commissions Law is summary in its character.

The public service commission in effect asks, if this defendant is an electrical corporation, that then before it is authorized to do business as such it must obtain the approval of the commission under sections 68, 69 and 70 of the Public Service Commissions Law before it can either build its plant or exercise its franchises or engage in the business.

If it is not incorporated for the purpose of generating and selling electric current, but is, as it is admitted to be, a manufacturing company, then its act in generating and transmitting electric current for sale to the public, over lines in the public highway, is *ultra vires,* and under section 74 of the Public Service Commissions Law should be restrained.

The contention of the defendant is that the court is without jurisdiction, that this is a proceeding brought under section 74 of the Public Service Commissions Law and, because that section specifically relates to gas corporations and electric corporations and the regulation of the price of gas and electricity, defendant not being either a gas or electric corporation that therefore the court cannot, under the petition, restrain the defendant.

There does not seem to be much force in this contention. It is a manufacturing company, it does generate and furnish electric power for heating and light.

It is generous in its treatment of the people of the town of Jay. It furnishes electric power for the schools, churches and public streets of the town without charge to the people. It also sells its power for the lighting of private houses.

It matters not whether it gives the current without cost for the lighting of public buildings, which is commendable in itself, or not, the question is simply this, can a manufacturing corporation, organized as such, and doing business as such in large volume,

assume in a small way to do an electrical business which is in violation not only of the spirit but the very terms of the statutes.

If it is a manufacturing corporation it cannot do an electrical business.

If it is an electrical corporation, as above stated, organized for that purpose, it cannot begin to transact business until its application meets with the approval of the public service commission.

By a violation of the law it has not secured an implied franchise.

This corporation, like every other corporation, and in common with every individual in our state, must recognize the provisions of the statutes, which are made for the purpose of regulating, controlling and directing how and by whom such franchises shall be exercised, to the end that every one, corporation and individual alike, shall stand upon a common footing.

The public service commission in the application here made does not desire to destroy or even to punish defendant, or interfere with its legitimate business, it very properly however desires to see that this company complies with the provisions of the law.

The law provides the way, and the defendant company must travel along that path.

If the company will not make application to the public service commission for leave to do an electric lighting business under the law then it must be restrained from doing that which under the law it has no right to do.

Judgment may therefore be entered in favor of the plaintiff and against the defendant, providing for an injunction restraining the defendant, with costs against the defendant of fifty dollars.

Judgment accordingly.